**UNITED STATES of America, Plaintiff,**

v.

**Rufus SIMS, Defendant.**

**No. 92 CR 166.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 7, 1995.

See also 822 F.Supp. 1308.

James B. Burns, Sean Martin, U.S. Attorney's Office, Chicago, IL, for plaintiff.

Bernard B. Nathan, Jeffrey I. Gehl, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are three pretrial motions filed by defendant Rufus Sims [1]: Defendant's Motion to Exclude Prior Statements of Elaine McCord, Defendant's Motion to Exclude Prior Statements of William Contos, and Defendant's Motion to Exclude Statements of Stevon Sims.

---

1. The government has attempted to file a cross-motion through its response brief. The court will not encourage such an approach, which would muddy the record. The court does not consider the government to have a motion pending.

## I. INTRODUCTION

All three motions involve the admissibility of prior statements of now-deceased declarants. Defendant's Motion to Exclude Statements of Stevon Sims is denied as moot, because the government states that it does not intend to introduce the statements of that individual. Defendant's other two motions—to exclude the testimony of Elaine McCord and William Contos, respectively—are contested by the government. These two witnesses testified at the trial of Rufus Sims's co-defendants, and it is those statements the government seeks to introduce at his trial.

Defendant's motion attacks the admissibility of the statements under Federal Rule of Evidence 804(b)(1). Where the declarant is unavailable, Rule 804(b)(1) excepts from the hearsay rule "[t]estimony given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." FED.R.EVID. 804(b)(1). While the disputed declarants testified, Mr. Sims was a fugitive. That situation would present an interesting 804(b)(1) issue as to whether a person in Mr. Sims's situation had an 804(b)(1) "opportunity" to cross-examine the disputed government witnesses. The government, however, explicitly did not forward 804(b)(1) as a hearsay exception, and so that question is not reached. Instead, the government forwards Rule 804(b)(3), statements against interest, and 804(b)(5), the catch-all exception. The court first turns to Rule 804(b)(3).

## II. BACKGROUND LAW ON RULE 804(B)(3)

### A. Elements of Rule 804(b)(3) Admission

Rule 804(b)(3) provides for a hearsay exception for an unavailable declarant for "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." FED.R.EVID. 804(b)(3).

The Seventh Circuit has held that an 804(b)(3) admission must pass a three-prong test. "To satisfy the three-prong test, a court must find that, (1) the declarant's statement was against the penal interest of the declarant, (2) corroborating circumstances exist indicating the trustworthiness of the statement, and (3) the declarant must be unavailable." *United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir.1990) (following *United States v. Alvarez*, 584 F.2d 694, 699–701 (5th Cir.1978)); *United States v. Gio*, 7 F.3d 1279, 1288 (7th Cir.1993). Additionally, with the test so framed, where testimony passes the 804(b)(3) test it normally will pass Sixth Amendment Confrontation Clause analysis as well. *Garcia*, 897 F.2d at 1421; *Gio*, 7 F.3d at 1289.[2]

Further discussion of each element of 804(b)(3) admission follows.

### B. Declarant Unavailable

Rule 804(a) details under which situations the rule considers the declarant unavailable. Of course here, where the declarants are deceased, their being unavailable is a matter of no controversy. FED.R.EVID. 804(a)(4).

### C. Statement Against Penal Interest

"The question under Rule 804(b)(3) is always whether the statement was sufficiently against the declarant's penal interest 'that a reasonable person in the declarant's position would not have made the statement unless believing it to be true,' and this question can only be answered in light of all the surrounding circumstances." *Williamson v. United States*, —— U.S. ——, ——, 114 S.Ct. 2431, 2437, 129 L.Ed.2d 476 (1994) (footnote omitted); *see also Garcia*, 897 F.2d at 1420

---

**2.** The Seventh Circuit in *Gio* identified an additional Sixth Amendment requirement that it be "'clear that the declarant actually made the statement in question.'" *Gio*, 7 F.3d at 1288 (quoting *United States v. Blakey*, 607 F.2d 779, 786 (7th Cir.1979)). However, under these circumstances, where this court heard the statements itself during the prior trial and the statements were transcribed, such a requirement of course is easily met for both declarants.

("[W]hether a statement is in fact against interest ... depends upon the circumstances of the particular case.").

■ There is more guidance available than merely a "surrounding circumstances" test. "'[T]he government must show that the statement "tended to subject" the declarant to criminal liability....'" *United States v. York,* 933 F.2d 1343, 1360 (7th Cir.) (citations omitted), *cert. denied,* 502 U.S. 916, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991). "A statement satisfies this requirement if it would be probative in trial against the defendant." *Garcia,* 897 F.2d at 1420. "[I]mplicating" oneself in "the possible involvement in a larger conspiracy surely would tend to subject" one to criminal liability. *Id., see also York,* 933 F.2d at 1360. Likewise, "statements that demonstrate a declarant's inside knowledge of a crime are also against the declarant's penal interest." *Id.*

Recently, the Supreme Court has directed how a court is to approach the against-penal-interest determination. In *Williamson v. United States,* — U.S. —, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994), the Court held that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts," *id.,* 114 S.Ct. at 2435. The Court saw "no reason why collateral statements, even ones that are neutral as to interest ... should be treated any differently from other hearsay statements that are generally excluded." *Id.*

■ After *Williamson,* it is clear that a "district court may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession." *Id.; see also Carson v. Peters,* 42 F.3d 384, 386 (7th Cir.1994) (*"Williamson* ... holds that in federal cases judges must separate the incriminatory portions of statements from other portions for purposes of FED.R.EVID. 804(b)(3).")*. There had been Seventh Circuit indications that "[s]o long as the incriminating and inculpatory portions of

a statement are closely related ..., if the circumstances surrounding the portion of a declarant's statement inculpating another are such that the court determines that the inculpatory portion of the statement is just as trustworthy as the portion of the statement directly incriminating the declarant, there is no need to excise or sever the inculpatory portion of the statement." *York,* 933 F.2d at 1364; *see also United States v. Hamilton,* 19 F.3d 350, 356 (7th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 480, 130 L.Ed.2d 394 (1994). The *Williamson* Court's rejection of 804(b)(3) admissibility of "collateral statements" tends to undermine the *York* court's language regarding statements "closely related" to a core statement against interest. And it is likely that the *York* court's indication that neutral declarations are admissible, 933 F.2d at 1361, does not survive *Williamson,* — U.S. at —, 114 S.Ct. at 2435. After *Williamson,* it is clear that a court is to analyze each part of a proffered statement to determine whether it is against penal interest.[3]

■ However (and here 804(b)(3) analysis gets delicate), the fact that a statement inculpates another does not mean that the statement, when viewed in context, is not against the penal interest of the declarant. What is required after *Williamson* is not that inculpatory statements be excluded; rather what is required is that the court independently consider each portion of the statement and for each admitted portion find that it is sufficiently against the declarant's penal interest to declare it admissible under Rule 804(b)(3) and the Confrontation Clause. *Williamson,* 114 S.Ct. at 2438 (Scalia, J., concurring) ("[A] declarant's statement is not magically transformed from a statement against penal interest into one that is inadmissible merely because the declarant names another person or implicates a possible codefendant."); *see also York,* 933 F.2d at 1361 ("There is little question that the drafters of the Rules of Evidence and Congress intend-

---

3. The fact that an inculpatory portion is closely related to the portion against interest may be an input into finding that the "closely related" portion turns out to be against interest itself. After *Williamson,* the key is that a finding that an inculpatory portion is "closely related" to an against-interest portion will not *itself* warrant 804(b)(3) admissibility. Each admitted statement or portion of statement must be found to be against the penal interests of the declarant.

ed Rule 804(b)(3) to permit admission of inculpatory statements where consistent with the confrontation clause of the sixth amendment.").

### D. Corroborating Circumstances

■ Under Seventh Circuit law, "Rule 804(b)(3) requires that corroborating circumstances clearly indicate the trustworthiness of a statement against interest." *Garcia,* 897 F.2d at 1420.[4] *"[S]ome* corroborative evidence" is the quantity required. *Id.* at 1421. "[A] trial judge has considerable discretion, within the parameters of the rules of evidence, in determining whether hearsay statements contain the necessary guarantees of trustworthiness because the judge watches and evaluates credibility and demeanor." *Id.* Here, this court has unique insight into the trustworthiness of the statements, since the submitted statements were under oath before it, and the court has the benefit of having seen the corroborating circumstances during the prior trial.

What is left is to analyze the submitted statements of Elaine McCord and William Contos to determine whether they are admissible under Rule 804(b)(3).

### III. RULE 804(B)(3) ANALYSIS FOR ELAINE McCORD

#### A. Declarant Unavailable

As discussed above, Elaine McCord is unavailable because of her death. Fed.R.Evid. 804(a)(4).

#### B. Statement Against Penal Interest[5]

■ Elaine McCord testified on behalf of the government regarding certain details of, most directly, money laundering allegations. She testified that under the direction of Rufus Sims's mother, Estella Sims, she participated in bank transactions designed to hide the massive amounts of cash that the Sims organization was handling. Much of her testimony also represents an attempt to mitigate her own knowledge of at least the extent of the illegality of the operation in general and the money laundering end of the operation in particular. The government's theory is that the statements tend to implicate the declarant in the money laundering scheme, making the statements against penal interest. The court accepts that core theory. Most of McCord's testimony would tend directly to subject her to criminal liability or would be probative at a criminal trial. Other aspects of her testimony tend to tie her to the Sims organization through her detailed knowledge, or the statements place her in proximity to the Sims organization, dangerous proximity given that the alleged conspirators and their alleged aiders and abetters were under indictment. These statements, when considering all surrounding circumstances, also were against McCord's penal interests at the time of their making.

However, under *Williamson,* the court has the obligation to make not a generalized finding about the testimony as a whole, but particular findings regarding the separate utterances within the whole of the testimony. The court finds that, except as discussed below, all of the testimony was against the declarant's penal interests at the time of testimony, such that a reasonable person in McCord's position would not have made the statements unless believing them to be true.

■ Those statements not against penal interest fall into a few categories. First, there are self-serving statements or statements incriminating others to the exclusion of herself. McCord testified often that she was not aware of any illegality, statements that are in no way against her penal interest

---

4. The corroborating circumstances requirement for the admissibility of inculpatory declarations is a gloss on Rule 804(b)(3) designed to square the rule with the Confrontation Clause. *See Alvarez,* 584 F.2d at 701 (5th Cir.1978) (relied upon in *Garcia,* 897 F.2d at 1420).

5. Unfortunately, the court must examine the submitted transcripts without benefit of any detailed input as to which statements pass *Williamson*

and which do not. The government's response brief does not take *Williamson* into account on the crucial issue of independent examination of each portion of a statement. Likewise, defendant failed to reply to the government's response (which first raised Rule 804(b)(3)), so the court is without the benefit of any input from defendant on the Rule 804(b)(3) question.

(page 948, lines 17–20 [6]; page 960, lines 9–21; page 970, lines 20–22; page 972, lines 11–17; page 974, lines 18–19; page 985, lines 12–23; page 1023, lines 12–14; page 1026, lines 6–7, 11–13, 21–23; page 1029, lines 5–8, 24–25; page 1030, lines 21–25; page 1031; page 1032, lines 15–25; page 1036, lines 3–25; page 1046, lines 20–25; page 1047, lines 1–2, 21–22; page 1049, lines 20–25; page 1050, lines 1, 22–25; page 1051, lines 1–9; page 1052, lines 2–25; pages 1053–1054; page 1055, lines 1–9, 13–25; page 1057, lines 15–22; page 1058, lines 1–2). Related to this category of evidence is testimony entirely confined to wrongdoing of others, where the testimony does not incriminate McCord in any way (page 965, lines 3–25; page 966; page 967, lines 1–10). Statements about Sims family shopping trips, notable for their cash-and-carry quality, fall into this category (page 973, lines 10–25; page 974, lines 1–17).

Second, there are the entirely neutral, or just plain irrelevant, statements. McCord testified as to her lack of recall regarding a few instances. Her lack of memory is not against her penal interests (page 946, line 25; page 947, lines 1, 4–5; page 964, lines 17–18; page 1038, lines 9–15; page 1041, lines 1–4; page 1043, lines 9–16). Similarly, McCord's inability to identify a signature is not against her penal interest (page 954, lines 23–25; page 955, line 1). At one point, McCord merely relates her prior criminal record, which is not against her penal interest in any way (page 973, lines 2–9). Most of the first cross-examination of McCord by attorney Hooks falls into the neutral category (pages 976–83; page 984, lines 1–2, 8–11, 18–25; page 985, lines 1–8). Some of the proffered statements truly were questions by the declarant (page 1056, lines 8–25). Also neutral are bits of statements related to courtroom business, for example a reaffirmation of the oath or stating of the witness's name [7] (page 931, lines 24–25; page 932, line 1; page 1011, lines 1–5, 14–21).

Finally, there are statements that are re-hashes of prior statements made, mostly testimony before the Grand Jury or statements to prosecutors. Under these circumstances it could not be said to be against the penal interest of the declarant to acknowledge previous statements (page 985, lines 24–25, pages 986–87; page 988, lines 1–9; page 1011, lines 22–25; pages 1012–21; page 1022, lines 1–8; page 1037, lines 18–25; page 1039, lines 2–25; page 1040, lines 1–14; page 1041, lines 5–14; page 1058, lines 3–23; page 1060, lines 16–25; pages 1061–66).

### C. *Corroborating Evidence*

■ The Seventh Circuit requires only some corroborative evidence for Rule 804(b)(3) admission. The corroborating evidence here could only be described as overwhelming. First, there is the documentation of the transactions to which Elaine McCord testified. That documentation was entered into evidence through McCord's direct examination. Second, there is the other testimony at trial, which corroborated the money laundering allegations. It is also worth noting that, while certainly it could be thought of as in the interests of a person to help out a criminal prosecutor, there was no explicit grant of immunity, so the court does not view this as an instance where the witness was trying to "'curry favor'" with the government. *Hamilton*, 19 F.3d at 357 (quoting FED.R.EVID. 804(b)(3) advisory committee's note). This final prong is met for all statements the court has found to be against penal interest.

### IV. *RULE 804(B)(3) ANALYSIS FOR WILLIAM CONTOS*

### A. *Declarant Unavailable*

As discussed above, William Contos is unavailable because of his death. FED.R.EVID. 804(a)(4).

---

6. Page and line references are to the prior trial transcript, which the government attached in part to its response brief. Where the court cites only a page number, the reference is to the entire page. Many references are to both a question and an answer, for the sake of completeness.

7. Analyzing the credibility of such routine statements may seem ridiculous. The court has no doubt Elaine McCord testified truthfully to her name, for example. Here, under Rule 804(b)(3), however, the question is whether the statement was against interest. Ultimately, as shall be seen, statements such as this one get in under Rule 804(b)(5).

## B. Statement Against Penal Interest

██ William Contos also was called to testify regarding, most directly, money laundering allegations. Rufus Sims allegedly bought Contos's house with cash and cashier's checks. Like Elaine McCord's testimony, much to which Contos testified would be probative in a criminal trial against him wherein he would be accused of money laundering, or at least aiding and abetting. The court finds that a reasonable person in Contos's position would not have made the statements unless believing them to be true, except as follows.

There are instances of statements that constitute court business. These are not in any way against penal interest (page 1309, lines 14–25; page 1310, lines 1–12; page 1324, lines 20–22).

Other parts of the testimony can safely be described as entirely neutral (page 1310, lines 13–25; page 1311; page 1312, lines 1–3). The court includes in this category Contos's statement that he did not remember whether a certain cash transaction was in new or old bills (page 1349, lines 21–22).

Other parts of the testimony tend to minimize Contos's own responsibility. These statements are clearly not against the declarant's penal interest (page 1312, lines 10–14; page 1313, lines 17–20; page 1314, lines 22–25; page 1315, lines 1–6, 24–25; page 1316, lines 1–2; page 1319; page 1320, lines 1–3, 7–20, 24–25; page 1321, lines 1–9, 23–24; page 1322, lines 2–3, 6–14; page 1325, lines 6–15; page 1326, lines 3–11; page 1331, lines 19–25; page 1332, lines 1–23; page 1333, lines 9–10, 14–25; page 1334, lines 1–8, 15–23; page 1335, lines 3–9, 14–25; page 1336, lines 1–8, 11–25; page 1337, lines 8–14, 24–25; page 1338; page 1339, lines 1–8, 13–16, 21–25; page 1340, lines 1–3, 9–21; page 1341, lines 1–9, 21–25; page 1342, lines 1, 7–15, 18–21; page 1343, lines 1–5, 16–25; page 1344, lines 1, 19–25; page 1345, lines 1–2, 15–20; page 1346, lines 4–10, 23–25; page 1347, lines 1–8, 14–25; page 1348, lines 1–6; page 1349, lines 23–25).

## C. Corroborating Circumstances

As was the case for the statements of Elaine McCord, the statements of William Contos are overwhelmingly corroborated. The documentation entered into evidence through Contos's own testimony is one example. Added to this is the other evidence presented at trial. As it was regarding McCord, it is here worth noting that, while certainly it could be thought of as in the interests of a person to help out a criminal prosecutor, there was no explicit grant of immunity, so the court does not view this as an instance where the witness was trying to curry favor with the government.

## V. RULE 804(B)(5)

██ The government also invokes the catch-all exception of Rule 804(b)(5): "A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." FED.R.EVID. 804(b)(5). This court reads *Williamson v. United States* as implying that the Rules of Evidence as well as the Confrontation Clause require a segmented, not aggregate, analysis of the trustworthiness of the proffered statement under 804(b)(5) as well as 804(b)(3). The court will examine together the testimony of McCord and Contos under 804(b)(5).

## A. Circumstantial Guarantees of Trustworthiness

The Seventh Circuit has identified a number of non-exhaustive factors in determining the trustworthiness of a statement:

"the character of the witness for truthfulness and honesty, and the availability of evidence on the issue; whether the testimony was given voluntarily, under oath, subject to cross-examination and a penalty for perjury; the witness' relationship with both the defendant and the government and his motivation to testify ...; the ex-

tent to which the witness' testimony reflects his personal knowledge; whether the witness ever recanted his testimony; the existence of corroborating evidence; and, the reasons for the witness' unavailability." *United States v. Doerr*, 886 F.2d 944, 956 (7th Cir.1989) (quoting *United States v. Snyder*, 872 F.2d 1351, 1355–56 (7th Cir.1989)).

■ The sort of factors the Seventh Circuit has identified suggests that most of the testimony of McCord and Contos comes with sufficient guarantees of trustworthiness to be admissible. The testimony was voluntary, under oath, subject to cross-examination and subject to a penalty for perjury. Furthermore, there was no grant of immunity. *See Doerr*, 886 F.2d at 956. Both witnesses testified from personal knowledge. There is no suggestion that either witness recanted. As discussed above, the corroborating evidence is overwhelming. Furthermore, the reason for unavailability is death, a reason which does not undermine credibility in any way.

■ For the court those indicia of reliability suffice, except for one category of evidence: that testimony tending to minimize the declarant's own knowledge of or responsibility for wrongdoing. In that instance, there exists a clear "incentive to manufacture false testimony," *Doerr*, 886 F.2d at 956, namely distancing oneself from the money laundering aspect of an alleged large-scale narcotics conspiracy. That testimony is excluded. Elaine McCord testified to this effect (page 948, lines 17–20; page 960, lines 9–21; page 970, lines 20–22; page 972, lines 11–17; page 974, lines 18–19; page 985, lines 12–23; page 1023, lines 12–14; page 1026, lines 6–7, 11–13, 21–23; page 1029, lines 5–8, 24–25; page 1030, lines 21–25; page 1031; page 1032, lines 15–25; page 1036, lines 3–25; page 1046, lines 20–25; page 1047, lines 1–2, 21–22; page 1049, lines 20–25; page 1050, lines 1, 22–25; page 1051, lines 1–9; page 1052, lines 2–25; pages 1053–1054; page 1055, lines 1–9, 13–25; page 1057, lines 15–22; page 1058, lines 1–2). So did William Contos (page 1312, lines 10–14; page 1313, lines 17–20; page 1314, lines 22–25; page 1315, lines 1–6, 24–25; page 1316, lines 1–2;

page 1319; page 1320, lines 1–3, 7–20, 24–25; page 1321, lines 1–9, 23–24; page 1322, lines 2–3, 6–14; page 1325, lines 6–15; page 1326, lines 3–11; page 1331, lines 19–25; page 1332, lines 1–23; page 1333, lines 9–10, 14–25; page 1334, lines 1–8, 15–23; page 1335, lines 3–9, 14–25; page 1336, lines 1–8, 11–25; page 1337, lines 8–14, 24–25; page 1338; page 1339, lines 1–8, 13–16, 21–25; page 1340, lines 1–3, 9–21; page 1341, lines 1–9, 21–25; page 1342, lines 1, 7–15, 18–21; page 1343, lines 1–5, 16–25; page 1344, lines 1, 19–25; page 1345, lines 1–2, 15–20; page 1346, lines 4–10, 23–25; page 1347, lines 1–8, 14–25; page 1348, lines 1–6; page 1349, lines 23–25). For these page and line numbers only, the court finds there are not circumstantial guarantees of trustworthiness.

### B. *Materiality*

The court finds the testimony of both McCord and Contos clearly material to allegations in the indictment. FED.R.EVID. 804(b)(5).[8]

### C. *Relative Probity*

■ While there is other evidence related to these allegations, it seems that there are specific instances to which only McCord and Contos could testify. Indeed, both witnesses are referenced in the indictment. Accordingly, this 804(b)(5) prong is met as well.

### D. *Interests of Justice*

■ Finally, 804(b)(5) asks whether "the general purposes of these rules and the interests of justice will best be served by admission." No doubt that is the case here. The reason there will have been two trials in this cause is because defendant was on the lam. The government has not forwarded an 804(b)(1) argument that this was his opportunity for cross-examination. Nonetheless, given the circumstances, defendant's complaint that the passage of time has eroded the value of the evidence against him is rather hollow.

---

8. Certainly the bits of court business are not material, but the court assumes the government ultimately has no interest in presenting such statements to the jury.

**E.** *Confrontation Clause*

As was the case under Rule 804(b)(3), the above 804(b)(5) analysis more or less also satisfies the Confrontation Clause. There is no doubt the proffered statements were actually made. *See Doerr*, 886 F.2d at 958. Also, as discussed above, there are circumstantial guarantees of the statements' veracity, except as noted.

### *CONCLUSION*

The court finds most of the proffered testimony admissible under Rule 804(b)(3), except for a number of specific categories of testimony. Those categories the court did not find admissible under Rule 804(b)(3), the court next tested under Rule 804(b)(5). The court finds all such categories admissible under Rule 804(b)(5), except for statements tending to minimize the declarant's own knowledge of or responsibility for wrongdoing. The court finds all prior testimony of Elaine McCord and William Contos falls under a declarant unavailable exception to the hearsay rule, FED.R.EVID. 804, and satisfies the Confrontation Clause, U.S. Const. amend VI, except for those page and line numbers listed in the last paragraph of part V.A of this opinion. Defendant's Motion to Exclude Prior Statements of Elaine McCord is granted in part and denied in part. Defendant's Motion to Exclude Prior Statements of William Contos is granted in part and denied in part. Defendant's Motion to Exclude Statements of Stevon Sims is denied as moot.